Good morning, your honors. I'm Ian MacDonald. I'm representing the appellant Chazen. And I think the court appreciates that there are two appeals that have been consolidated. There's two parties on our side. And you're going to split? And we're going to split. We're each going to take five minutes. I understand my colleague follows the practice of acknowledging the presence of a former law clerk among the litigating team. And Mr. Schapp is a former law clerk. So I welcome him here. I don't believe it's a disqualifying factor for me at all. Glad to see you. Thank you, your honor. Okay. Okay. So you've got 15 minutes total. You wanted to divide it up five and five, and then you've got five left over. Yes, that's right. I just wanted to mention that I think the court appreciates why there's two parties on our side, because this gentleman named Ryan went into bankruptcy. The creditors have filed a suit against my client, Chazen, contending that his deed of trust was a fraudulent transfer. And by virtue of the bankruptcy, that claim passes to the bankruptcy trustee who has intervened in the litigation and was filing its own motion and filed its own appeal. The only reason I think I wanted to mention that just for a second, in addition to allocating the time, is that there's fairly harsh criticism by the appellees of Mr. Chazen. I'd like the court to know that Mr. Chazen lost as much money on this scheme as the Chalinos did. But if he's correct, and if the deed of trust to Chazen was a fraudulent transfer, then it belongs to the estate. The money will go to general unsecured creditors. So it's essentially a dispute between one creditor or all creditors on one side versus the Chalinos and their attachment liens. And the real issue is the date, right? That's correct. The question, does it go back to the time of the filing of the initial attachment? That's correct. The real question is the relation back. And I think we all agree that for it to relate back, the judgment has to be on the same claim. And we all agree that an attachment has to be rendered on a contract claim. And so the question is, is the judgment on a contract claim or is it on a tort claim? And you've got both Judge Montali and Judge Patel against you. Why are they wrong? Well, the interesting thing about Judge Montali and Judge Patel is that they had different spins on the facts. By the way, we are going to be focusing, I'm going to be focusing on the verdict form, and my colleague, Mr. Sharp, the trustee, is going to be focusing on the judgment itself. We basically have divided those issues between us. We submit that there's a tribal issue of fact. We're not saying that after a trial, one party is going to be right or the other party is going to be wrong. But the fact of the matter is that it's an ambiguous document. That jury form is ambiguous. And summary judgment is not appropriate to resolve an ambiguity. There should have been a trial to examine the intent of the parties. And we believe that if this matter is reversed and remanded for trial, we would prevail for several reasons. Firstly, the Cholinos would have the burden of establishing the relation back of the judgment. The burden was essentially placed on us to show that it did not relate back. But the Cholinos would have the burden of showing that that was a contract judgment that related back, which the most charitable thing I could say about that jury form is that it's not clear. When you say summary judgment is inappropriate, like for yourself, for instance, I mean, what more evidence is there to deduce on that issue, whether it was based on contract or tort? The court would have examined the intent. Do you call the jurors as witnesses or what? Well, we would have looked to the attorneys. And we believe that there's a lot of evidence that indicated that the Cholinos through their attorneys were looking for tort. According to the complaint, they were looking for both. Well, of course. In the verdict form, they were looking for both. Well, of course. They can give you some opinion, but how do they know what the verdict was based on? Well, the contract claim helped. The contract claim was pled to support the attachment. Remember my question. Now, what more evidence do you have that you would deduce a trial? You weren't able to deduce a summary judgment. We would examine the intent of the parties through their attorneys as to what type of a judgment they were looking at. And we believe that the evidence would show that the Cholinos were looking. You think the intent of the attorneys makes a difference? Well, it's the intent of the parties through their attorneys in terms of how they presented the matter. What else do you have besides intent of the attorneys? In terms of additional evidence that you would deduce. The closing statements of the parties, the transcript of witnesses. Well, that's all, you know, available now. It is true that it is all available. But there was not a trial on that issue. And I think that the Cholinos. No, but you could have put that before the summary judgment judge.  I think pretty much everything in the record. Of course, you have to keep in mind that we moved for summary judgment on a fairly discreet issue. And we essentially had summary judgment entered against us without us giving an opportunity to raise that issue or to respond to it. But the evidence at trial indicated that the parties were focusing on getting a tort judgment. And so that would essentially be what the evidence was. And the reasons that they were looking for a tort judgment were to preserve a nondischargeability claim, which they subsequently asserted in the bankruptcy case, and to preserve their punitive damages. Well, of course, of course, they were looking for both. And it looked as though they got both. Well, again, there's quite a bit. We believe that if you look at that jury form, it doesn't say they got anything on contract. It doesn't say they got anything on the contract. And, you know, there's nothing more really the those witnesses you talk about could say to explain the verdict, is there? We think we would. I've just been reminded by my co-counsel that my five minutes has run out. But we believe that discovery, deposing the attorneys, bringing in the trial transcripts would establish that. Okay. Thank you. May it please the Court, I represent the bankruptcy trustee. My interest here is completely independent of Mr. Chazen's. We agree with the Cialino parties that there was a fraudulent transfer here and are aligned with them in the bankruptcy court. We agree with the Chazen's that the relation back does not apply. You asked, why can't it be both? Why can't the judgment be both contract and tort? And the answer is because under California law, this is purely an issue of California state law, you can only recover one judgment for one item of compensable damages. And here you had a contract claim for money. For analytic purposes, let me give you an analytic framework. Say it was a contract for a car. And the investment scheme was, give me your old car worth $8,000. In two months, I'll give you a new car worth $10,000. The damages are the $10,000 value of the car. Here there was one item of compensable damages. The jury verdict form and the court of appeal in the state court case said there was one item of compensatory damages, one award, and it was for the same amount under both the tort and contract claim. Under California law, you get one judgment, one recovery, and it can be either tort or contract. It can't be both? No, it cannot be both. Well, you can recover tort damages and you can recover contract damages if they're different. But here they were not different. They were the same. Well, no, that doesn't strike me as right. You have an indication from the special verdict form from the jury that it was not giving a verdict on only tort or on only contract. Right. We have punitive damages, which clearly indicates that they thought that there was a good tort cause of action here, but you also resigned the jury verdict. They also thought there was a good contract cause of action. Clearly they did. And they awarded one item of damage, one car. You can get the car under the contract claim. You can get the car under the contract claim. The question is otherwise you get double recovery. Right. Right. And under the enforcement of judgment laws, the attachment only applies to the contract. Punitive damages only applies to tort. Judge Patel has split off and is not allowed relation back for anything that she sees as related to the tort. Let me tell you why. Excuse me. I misspoke. She peels off and does not allow relation back for that portion of damages that's attributable only to tort. Not quite. Let me tell you why Judge Patel's decision is wrong. What she says is the doctrine of election of remedies no longer applies to attachment. You have two separate causes of action. Therefore, you must have recovered two separate items of damages. That's wrong. I would commend to you the Woffer case, 69 Calif. 4, 1261, which lays out this issue of election of remedies and explains why I'm right on this relation back issue. Under the old attachment laws, a creditor could come into court, file the complaint, file the attachment, seize the property, and the debtor would first find out about it when his property was gone. And the courts in California developed this doctrine of election of remedies to put some weight back on the side of the debtors and said to creditors, if you elect this remedy of attachment, we're going to hold that you're a stop from pursuing a tort claim because you've elected the contract remedy. Now, the remedies are different because under contract, you get the attachment. Under tort, you get a different measure of damages. You get punitive damages, and it's different. What happened is that the attachment statutes were declared unconstitutional, a new set of attachment laws complying with due process were enacted, and this doctrine of election of remedies fell into disfavor. It was no longer applicable. And what the court said is by getting the prejudgment attachment, you don't waive your tort claim. You can go to trial on all theories. You can get a judgment on any theory that you can support by evidence, but you can only get one recovery. And it can be either where your damages are the same or you have the same item of damages, you have an election to make when you get the judgment. You can get that car as a contract claim with the benefit of your attachment lien, or you can get it as tort and you can get punitive damages. And the issue under the 697.2, the enforcement of judgment law, says you relate back only if it's on the same claim, on the contract claim. You have a judgment for a single item of damages and punitive damages. That's a tort judgment. And it should be able to be applied by looking at the cold record, by looking at the judgment. It's not an issue for summary judgment. You don't require a new trial when you're determining priority of liens on a judgment. You have one judgment. It's for a tort claim because it's got punitive damages, it's got compound interest, and it's one item of compensatory damages. And so the lien should not relate back. It will be preserved for the benefit of the estate and the trustee. And that's my argument. And you've saved just a little over four minutes for rebuttal for both of you. Good morning. My name is Mike Liberty. I represent the Appalese. My clients are two plumbers, a contractor, a truck driver, and a chiropractor. And therefore? I'm sorry? And therefore? And therefore, the equities that surround this militate in favor of them who went. So just, you know, more creditors of the bankrupt estate, right? Good point. The point is you have to look at the equities of this situation and realize that my clients went to trial and Mr. Chazen took a consensual lien for $964,000 and recorded it when he wasn't owed that amount of money. That's the backdrop. A long way of looking at the equities, though, is to ask, well, why should these particular creditors of the bankrupt get a greater share than other creditors? Isn't that the question you ask in equity? That is one of them, certainly. And the answer is because they got their writs of attachment, they went through the legal process, and a jury has spoken that Mr. Ryan was liable for breach of an oral contract to them. What would we do with a general verdict? What if I presented the jury with a general verdict with one measure of damages for tort and contract? Are my opposing counsels saying that nothing relates back because it's one measure of damages? Certainly that would be wrong. This is no different than a general verdict. Yes, the jury did check the box on breach of oral contract for all five of my clients. Yes, they gave one amount of damages, excluding punitive damages, for compensatories. Yes, the amount that relates back is the amount of contract damages. To me, it's as simple as that, and the inquiry goes no further. Once you review the record and you see the box next to breach of oral contract being checked, Judge Montali held that that was sufficient. Judge Patel held that that was sufficient. As a matter of fact, even in Judge Patel's order, she refers to the fact that Mr. Chazen's attorney, in fact, concedes that this was a verdict for, among tort causes of action, breach of oral contract. Well, one problem you have is the law says the judgment relates back, not the verdict. And what authority tells us to analyze the judgment? There's only one judgment, and it does not come with labels on it. It's just there, and it's that judgment that is relating back, not the verdict. That's right. So when the judgment is entered, it is entered for both tort and contract damages. Obviously, you can only have $1 amount. The portion attributable to contract damages goes back to the placeholder, which is the writ of attachment. How much do you say was attributable to tort? Same amount as the amount in contract. The same amount as the amount? The same amount. Yes. But let's say you're puzzling. All the contract damages are going to write back. Then there aren't any tort damages left. The tort damages and the contract damages in this instance happen to be the same amount. Yeah. So you go through sort of a mystification. You've got this one judgment, and you say, well, look at this way. The contract damages write what's left. There are no tort damages. If there are tort damages, they can't write back. I think the presumption is that these are mutually exclusive damages, and in the eyes of the jury, they're not. There was one measure of damages that they formulated for my client's investments. And, of course, you've got the other problem, that if these really are contract damages, you couldn't have had a punitive. So it has to be tort plus punitives. What the judge in the bankruptcy court did, and I think rightly so, is he said, I'm going to exclude punitives. Obviously, I agree with that because those are a tort component. But what he then said was, obviously, the jury awarded contract damages. So he went through the mathematical figuring of what he felt those damages were, and he pulled it out of the amount awarded by the jury. Now, Judge Patel came behind Judge Montali, and she said that she was going to reduce that, and that was going to be the amount, the $549,000, which was the amount in the writs of attachment. So based upon the writs of attachment, based upon the pleading, and based upon the jury verdict, we have contract damages. There's a couple of other points that I wanted to address that are in the brief. This notion that the attachments expired under CCP 488.510, that's not the law. Once I got a judgment, that amount merged with the attachment liens, which were the placeholders. So there is no real teeth in that argument that those attachment liens expired. Other than that, Your Honors, if you have any questions, I'll be happy to answer them. Other than that, I'll reserve time. No, there's no time. Once you sit down, you're down. I think I'm done. Okay, thank you. Thank you. You've got about four minutes. Thank you. The statute, 697.020, refers to a single lien, a judgment lien, and it doesn't contemplate that a court will have to parse out a judgment into what portions are contract and what portions are tort. The attachment law applies to contract debts in a liquidated sum, and it assumes if you have a contract debt, you go get your attachment, you go get your judgment, it relates back. It is not intended to apply to tort claims or situations where there's a tort recovery. Why do you say liquidated sum? Does it not apply to all contract claims? No. In order to get an attachment, you have to show that the contract calls for a fixed or readily ascertainable amount. I see. All that is true, but what the statute doesn't address at all is where you get, as in this case, a mixed verdict. In that sense, I think the statute can be said to be ambiguous. No, Your Honor. You're saying that where a plaintiff pleads tort in contract and recovers a single verdict that the statute was not intended to apply at all? The statute is a judgment lien statute. I know that. Clearly, a verdict, a plaintiff can proceed to trial on both tort and contract theories and recover a verdict on both. And I would cite to you the Baker. Which is this case. Well, what the Baker case said. Let me ask you, suppose at the point when the verdict came in, the plaintiffs in the state court case had the foresight to say to the trial judge, Your Honor, at this point, we waive our tort damages. We'd like the judgment to be entered only on the contract damages. Would that have been sufficient? Oh, absolutely. What's the difference between that situation and where we are today? Because they got a judgment for punitive damages. And there's one judgment, one judgment lien created by that judgment, and that is a judgment lien on a tort judgment because it has punitive damages and compound interest. And in the Baker case, the court of appeals said, attachment should always be available to secure liquidated contract claims, seeking damages completely separate from those sought under a tort claim, even when the claims are based on some common facts. Well, what do we have here? No, you have the exact same damages. They're not damages separate from the tort damages. They're the exact same damages. So the question is, what do you mean by separate? Conceptually, they're separate, but, of course, the amount is the same. They're not conceptually separate. The damage is conceptually separate in the sense that tort and contract are conceptually separate. Each claim, the tort claim and contract claim, have four elements, five elements. Both of them have in common the element of damages. That element is the same under both the tort and contract claims. Of course. And the only reason this matters is because we're in bankruptcy. Right. If this were just a state court issue and there was an issue of priority of liens, the judgment creditor would have the option of going back to the trial court and saying, please let me amend my judgment and make it under the contract only so I can get my attachment lien. The only reason this comes up is because of this bankruptcy overlay. And this judgment here is a tort judgment because it has punitive damages. I think I understand, and maybe you're the right person to address the question, maybe not. I think I understand why you're taking this position. I'm not sure I understand why your co-counsel is taking this position. Why does his client care? I should let him address that. The question was why do I care about it. Why does your client care about this? That's to say there's a judgment in any event. And why do you care? Because it seems to me the only practical consequence of this is who among the debtors gets the money, not your client. Well, because that issue hasn't been resolved by the bankruptcy court yet. In other words, our deed of trust is being attacked as a fraudulent transfer. We maintain it was not fraudulent and we maintain our deed of trust is valid. The bankruptcy trustee maintains the deed of trust should be avoided as a fraudulent transfer and the money should go to the creditors. And we've essentially been focusing on this appeal before going to trial or settling that issue. So we do have a dog in the fight. Okay. Thank you. I thank both sides for your arguments. Or maybe all three sides. Maybe all three sides, yes. The triangle for the argument. The case of Ryan Ortiz and Elvis Chileno is now submitted for decision.
judges: Noonan, Tashima, Fletcher